UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER IAN LARSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SAN CARLOS,<br><br>    Defendant. | Case No. 14-cv-04731-JD<br><br>**ORDER LIFTING TEMPORARY RESTRAINING ORDER** |

On October 24, 2014, plaintiff Javier Larson moved for -- and the Court granted -- a temporary restraining order ("TRO") preventing the City of San Carlos from euthanizing his pit bull, Reapa. *See* Order Granting Temporary Restraining Order, ECF No. 15. As directed by the Court, the City of San Carlos filed a response on October 27, 2014. *See* Response to Order to Show Cause, ECF No. 16. The Court has considered the response and lifts the temporary restraining order.

**I. BACKGROUND**

The facts as alleged by Larson are given in the Court's order granting the TRO. *See* ECF No. 15 at 2. The City of San Carlos has since provided a copy of the police report, Decl. of Kimberly Chu Ex. A, ECF No. 17, a notification to Larson that Reapa had been declared vicious, *id.* Ex. B, and documents from prior state court proceedings where Larson attempted to challenge his pet's designation, Request for Judicial Notice Exs. C, D, F, H, I, ECF No. 18. The Court takes judicial notice of these documents to the extent they show the existence of relevant prior administrative proceedings and state court judgments. *See* Fed. R. Evid. R. 201(b) (permitting Court to take notice of facts "generally known within the trial court's territorial jurisdiction" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be

questioned"); *Kent v. DaimlerChrysler Corp.*, 200 F. Supp. 2d 1208 (N.D. Cal. 2002) (taking judicial notice of two state court decisions and a legal memorandum filed in a state court action on the grounds that they are public documents).

According to a police report by the San Mateo County Sheriff's Office, Reapa was involved in an altercation with another dog and its owners on September 25, 2013. Chu Decl. Ex. A at 2, ECF No. 17. Later that day, one of the owners claimed that he had been bitten on his ankle. *Id.* (Larson disputes whether Reapa bit the other dog's owner, but the Court need not resolve this and other factual issues because they do not affect Larson's entitlement to a TRO.) As a result of this incident, Reapa was designated a "vicious animal" under San Carlos, Cal., Mun. Code § 6.04.010P and designated for euthanasia on October 10. *Id.* Ex. B.

Although Larson did not immediately request a hearing, on October 17, 2013, he unsuccessfully sought a temporary restraining order and preliminary injunction in state court to prevent Reapa's euthanasia. Request for Judicial Notice Ex. C, ECF No. 18. On November 18, 2013, he filed a second state court action seeking a writ of mandamus to compel an administrative hearing, which was granted. *Id.* Ex. D. The hearing was held on February 3, 2014, and the administrative determination resulting from the hearing reaffirmed the designation of Reapa as a "vicious animal." Chu Decl. Ex. E, ECF No. 17.

Larson filed a third state court action on May 13, 2014, seeking a writ of mandamus challenging this decision, which was unsuccessful. Request for Judicial Notice Exs. F-G, ECF No. 18. Plaintiff appealed this state court judgment on June 20, 2014, but failed to prosecute the action, resulting in the appeal being dismissed. *Id.* Exs. H-I.

Larson then waited over three months before seeking a temporary restraining order in this Court on October 24, 2014. *See* Emergency Mot. for Temporary Restraining Order, ECF No. 2.

**II.  LEGAL STANDARD**

The same standard applies in evaluating a motion for a temporary restraining order and a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either, a party must demonstrate: (1) probable success on the merits and the possibility of irreparable harm; or (2) sufficiently serious questions

2

1 going to the merits to make the case a fair ground for litigation, with the balance of hardships
2 tipping decidedly in favor of the party requesting relief.  *Topanga Press, Inc. v. City of Los*
3 *Angeles*, 989 F.2d 1524, 1528 (9th Cir. 1993); *see also Earth Island Inst. v. U.S. Forest Serv.*, 442
4 F.3d 1147, 1158-59 (9th Cir. 2006).  These two formulations represent two points on a sliding
5 scale, with the required degree of irreparable harm increasing as the probability of success
6 decreases. *Miller v. Cal. Pac. Med. Ctr.*, 19 F.3d 449, 456 (9th Cir. 1994).

## III. DISCUSSION

The Court lifts the temporary restraining order because Larson has not shown either probable success on the merits or irreparable harm.

With respect to the likelihood of success on the merits, Larson makes scattershot allegations of a number of constitutional violations, but includes little exposition.  Of the constitutional claims that the Court can discern, none shows promise.

The primary claim Larson makes is that the relevant San Carlos municipal code sections violate the due process and takings clauses because they do not require a clear and convincing standard of proof in dangerous dog hearings.  App. for TRO at 5-7, ECF No. 2.  Larson cites no case that has required that hearings to determine whether an animal is vicious be decided using a "clear and convincing evidence" standard.  It appears that most jurisdictions require proof only by a preponderance of the evidence in dangerous dog proceedings, consistent with the fact that they are civil, not criminal. *See Grogan v. Garner*, 498 U.S. 279, 286 (1991) (holding that the preponderance of the evidence standard is presumed to apply in civil cases unless "particularly important individual interests or rights are at stake"); *American Canine Foundation v. Sun*, No. 06-cv-4713-MMC, 2007 WL 878573, at *3-5 (N.D. Cal. Mar. 21, 2007) (quoting *Sentell v. New Orleans & C.R. Co.*, 166 U.S. 698, 703 (1897), for the proposition that "[e]ven if it were assumed that dogs are property in the fullest sense of the word, they would still be subject to the police power of the state, and might be destroyed or otherwise dealt with, as in the judgment of the legislature is necessary for the protection of its citizens."); *Colorado Dog Fanciers, Inc. v. City & Cty. of Denver ex rel. City Council*, 820 P.2d 644, 649 (Colo. 1991) (en banc) (holding that the due process clause required only a preponderance of the evidence standard in civil action to

determine whether dog is a pit bull); 128 Am. Jur. Proof of Facts 3d 291 § 14 (2012). Given the absence of case law supporting Larson's position, the Court finds that he is unlikely to succeed on the merits.

With respect to irreparable harm, the fact that Larson allowed his state court appeal to be dismissed for failure to prosecute and then waited over three months to file this action also strongly weighs against any claim that the City of San Carlos's planned euthanasia of Reapa constitutes irreparable harm. *See Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.") (internal quotation marks and citation omitted); *Lydo Enters. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (holding that "[a] delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief").

Because Larson has not shown a likelihood of success on the merits or irreparable harm, he has not made a showing sufficient to obtain a temporary restraining order or preliminary injunction.

## IV. CONCLUSION

The temporary restraining order prohibiting the euthanasia of Larson's dog, Reapa, is lifted, and a preliminary injunction is denied.

**IT IS SO ORDERED**.

Dated: October 28, 2014

_____
JAMES DONATO
United States District Judge

4