UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAVIER IAN LARSON,
    Plaintiff,

v.

CITY OF SAN CARLOS,
    Defendant.

Case No. 14-cv-04731-JD

**ORDER DISMISSING CASE**

This case arises out of the euthanasia of a pit bull. In September 2013, defendant City of San Carlos ("San Carlos") impounded plaintiff's pit bull, Reapa, for biting a person. Dkt. No. 1 at 8. In October 2013, San Carlos advised plaintiff Javier Larson (Reapa's owner) that Reapa had been designated a vicious animal under a municipal ordinance and would be euthanized. *Id.* at 9. At plaintiff's request, San Carlos held a hearing on the matter in February 2014, and decided to proceed with the euthanasia. *Id.* In May 2014, Larson filed an action in state court to free Reapa; the case was dismissed. *Id.* In October 2014, on the very day Reapa was scheduled to be euthanized, plaintiff filed this action and requested a temporary restraining order ("TRO") against San Carlos. Dkt. No. 15. The Court granted the TRO to preserve the status quo while San Carlos responded to plaintiff's allegations. *Id.* After reviewing the City's response, the Court lifted the TRO and denied Larson's request for a preliminary injunction. Dkt. No. 19. Reapa was euthanized on October 31, 2014. Dkt. No. 22.

Despite Reapa's passing, plaintiff wants to maintain a complaint challenging the vicious animal ordinance and procedures. Specifically, plaintiff seeks injunctive and declaratory relief against San Carlos Municipal Code §§ 6.04.010, 6.04.105 and 6.04.115, which set out the procedures for declaring animals dangerous or vicious and the animal owner's hearing rights.

Plaintiff does not allege any claim for damages or that he owns any other dog currently subject to the municipal ordinances.

While the Court is sympathetic to plaintiff's loss of a beloved pet, the complaint fails to meet the requirements of Article III of the Constitution for federal jurisdiction. The bedrock of the federal judiciary is the principle that federal courts are courts of limited jurisdiction. As the Supreme Court has held, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1146 (2013). In light of the importance of this limitation, the Court has an independent obligation to satisfy itself that each case before it is within its subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted).

"'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper*, 133 S.Ct. at 1146 (citation omitted). To establish standing, a plaintiff must demonstrate three "irreducible" core elements: "(1) injury-in-fact -- plaintiff must allege 'concrete and particularized' and 'actual or imminent' harm to a legally protected interest; (2) causal connection -- the injury must be 'fairly traceable' to the conduct complained of; and (3) redressability -- a favorable decision must be 'likely' to redress the injury-in fact." *Barnum Timber Co. v. United States EPA*, 633 F.3d 894, 897 (9th Cir.2011) (citations omitted). The plaintiff must "establish[] these requirements at every stage of the litigation." *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010). In other words, "[a]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quotations and citations omitted).

Where, as here, a plaintiff seeks only declaratory and injunctive relief, he must also show "a very significant possibility of future harm." *Montana Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013); *see also Clapper,* 133 S.Ct. at 1147 (standing may be based on threatened injury only if it is "certainly impending to constitute injury in fact, and that allegations of possible future injury are not sufficient."). "To have standing to assert a claim for prospective injunctive relief, a plaintiff must demonstrate 'that he is realistically threatened by a repetition of

1  [the injury].'" *Melendres v. Arpaio*, 695 F.3d 990, 997 (9th Cir.2012) (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 109 (1983)).

These factors doom any possibility that plaintiff has standing to maintain this case. Plaintiff seeks only declaratory and injunctive relief -- he asks the Court to enjoin the enforcement of the municipal codes and declare them unconstitutional. Dkt. No. 1 at 13-14. No damages or economic harm are claimed, and plaintiff does not allege that any other dog he owns is currently, or will imminently be, the subject of proceedings under the challenged ordinances. There is simply no live controversy or substantial threat of an imminent live controversy sufficient to establish plaintiff's standing to sue over the ordinances. Larson argues that he owns other dogs that might someday face Reapa's fate, but mere ownership of those animals is not enough to spark a case or controversy that allows plaintiff to challenge the ordinance. If that were the case, the owner of any dog in San Carlos, including the most benign and gentle-tempered miniature schnauzer, would have standing to challenge the vicious dog ordinances. That stretches the limits of Article III well past the breaking point.

Consequently, the Court finds that Larson does not have standing to maintain this case. It is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: May 7, 2015

_____
JAMES DONATO
United States District Judge